IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                           No.    16CV646 JAP/GJF
                                                      07CR45 JAP

BENNY HURTADO,

      Defendant.

**ORDER DENYING MOTION TO STAY AND ORDERING SUPPLEMENTAL BRIEFS**

      **THIS MATTER** is before the Court upon the United States' "Motion for a Stay of Proceedings until the Supreme Court Issues Its Decision in *Beckles v. United States*," (CV Doc. 4; CR Doc. 30); and Defendant's brief in opposition to the motion to stay (CV Doc. 6; CR Doc. 32).

      Defendant's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, (CV Doc. 1; CR Doc. 27), seeks relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act to be unconstitutionally vague. Defendant argues that the Supreme Court's holding in *Johnson*, and the Tenth Circuit's subsequent retroactive application of the *Johnson* holding to the Sentencing Guidelines in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), compel the conclusion that Defendant's Motion should be granted and Defendant should be resentenced without regard to the "career offender" provision set forth in U.S.S.G. § 4B1.1. (CV Doc. 1 at 2; CR Doc. 27 at 2).

      In addition to opposing Defendant's motion on its merits, the United States has also moved to stay these proceedings on the grounds that, on June 27, 2016, the Supreme Court granted the petition for writ of certiorari in *Beckles v. United States*, No. 15-8544, to decide the question of

whether the Supreme Court's holding in *Johnson* applies to the residual clause of the Sentencing Guidelines, USSG § 4B1.2, and, if so, whether it applies retroactively on collateral review. CV Doc. 4 at 11; CR Doc. 30 at 11. The United States argues that, because *Beckles* will determine whether Defendant may seek relief in these proceedings, this case should be stayed until the Supreme Court issues its decision. *Id*. In response, Defendant argues that he would be unfairly prejudiced by a stay of these proceedings because, in view of the strong likelihood that *Johnson* will be held to be retroactively applicable to the Sentencing Guidelines, Defendant has already served more time in prison than his new adjusted Guideline range will call for when he is resentenced. CV Doc. 6 at 10-14; CR Doc. 32 at 10-14.

In deciding whether to stay § 2255 proceedings until the Supreme Court issues its decision in *Beckles*, the Tenth Circuit has considered the circumstances of each case individually. In particular, the Tenth Circuit has based its determination on whether the defendant would be prejudiced by a stay. Indeed, where a defendant has alleged that he would be eligible for release if he were to prevail on the merits of his *Johnson* claim, the Tenth Circuit has denied the government's request for a stay. *See United States v. Evans*, No. 16-1171, ECF No. 01010656542, at *3 (10th Cir. filed July 13, 2016) (unpublished) (opposing government's request for a stay in part based on length of sentence and prejudice to defendant); *See also* Order, *Evans*, No. 16-1171, ECF No. 01010656542 (10th Cir. filed July 14, 2016) (denying request for stay). Conversely, where the defendant makes no such argument, and his term of imprisonment would still be lengthy even if the court were to rule in his favor on the merits of his *Johnson* claim, the Tenth Circuit has granted the government's request for a stay. *See* Appellant's Motion to Reconsider Order Abating Appeal and Tolling Briefing, *United States v. Rollins*, No. 15-1459, ECF No. 01019651916 (10th Cir. filed July 6, 2016) (unpublished) (opposing government's request for a

stay based on the merits of the defendant's claim and policies of judicial efficiency); *See also* Order, *Rollins*, No. 15-1459, ECF No. 01019651916 (10th Cir. filed July 6, 2016) (unpublished) (granting motion to reconsider and abating case until the Supreme Court issues decision in *Beckles* where appellant did not argue a stay would be unfairly prejudicial).

Here, Defendant argues that he will be prejudiced by a stay of these proceedings. CV Doc. 6 at 10-14; CR Doc. 32 at 10-14. Specifically, Defendant asserts that, if he prevails on his claim, his guideline sentence range would be 63-78 months incarceration. CV Doc. 6 at 11; CR Doc. 32 at 11. Defendant has already been incarcerated for nearly 120 months and, as a result, if the Court were to grant him the relief requested, he would potentially be eligible for release. *Id*. On the other hand, if the Court does stay these proceedings, it is possible that the Supreme Court will not decide *Beckles* until June 2017, and Defendant would remain incarcerated – and perhaps unfairly – until that time.

The United States does not specifically dispute or respond to Defendant's calculation of what his sentencing range would be if he prevails on his motion. *See* CV Doc. 4; CR Doc. 30. In light of the guidance from the Tenth Circuit on this issue, the Court agrees that a stay of this case would be unfairly prejudicial to Defendant, and the Court concludes that the request for a stay should be denied.

Finally, the Court notes that the United States included in its motion to stay a statement that it "respectfully reserves the right to submit supplemental briefing addressing the merits of the Defendant's challenge to his prior convictions and career offender classification." CV Doc. 4 at 11; CR Doc. 30 at 11. In its discretion, the Court will grant the United States an opportunity to complete its response by way of a supplemental brief. The Court emphasizes, however, that the supplemental brief shall be limited only to the issue of whether Defendant's criminal history

would nonetheless cause him to remain a "career offender" under U.S.S.G. § 4B1.1 irrespective of whether the *Johnson* decision is held to be retroactive to the Sentencing Guidelines.

**IT IS THEREFORE ORDERED** that the United States' "Motion for a Stay of Proceedings until the Supreme Court Issues Its Decision in *Beckles v. United States*," (CV Doc. 4; CR Doc. 30) is **DENIED**. **IT IS FURTHER ORDERED** that the United States shall file its supplemental brief in opposition to Defendant's § 2255 motion not later than October 28, 2016. **IT IS FURTHER ORDERED** that Defendant will be permitted until November 7, 2016 to reply to the United States' supplemental brief. **IT IS FURTHER ORDERED** that the parties' supplemental briefs shall not exceed 10 pages in length.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE